UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                                       ORDER OF FORFEITURE/
    - v. -                                        MONEY JUDGMENT
:
MAURICE HARTLEY,                        S5 18-CR-390-01 (PAE)
    a/k/a "Bugz,"
:

        Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about November 7, 2019, MAURICE HARTLEY, a/k/a "Bugz," (the "Defendant"), was charged in a two-count Superseding Information, S5 18 Cr. 390 (PAE) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and use, carrying, and possession of firearms in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i)-(iii), and 2 (Count Two);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, that the Defendant personally obtained;

        WHEREAS, on or about November 7, 2019, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the

Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money in United States currency representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Government asserts that $500,000 in United States currency, represents the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendants Reginald Sanders, Hector Sanchez, Aaron Carter, Ronald Beasley, Jonathan Sanchez, Tyvann Barnett, Javier Benitz, Alejandro Rodriguez, Gregory Carter, Christopher Simon, Johnny Ingram, Marie Palumbo, Ray Sanchez, Freddie Torres, Edward Davies, Louis Brown, and Tia Jasper (the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case;

WHEREAS, the Court finds that a money judgment in the amount of $500,000 in United States currency, pursuant to Title 21, United States Code, Section 853, represents the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $500,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in

Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture/Money Judgment is final as to the Defendant MAURICE HARTLEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.       The Court shall retain jurisdiction to enforce this Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____*Paul A. Engelmayer*_____          ___1/10/2023___
HONORABLE PAUL A. ENGELMAYER          DATE
UNITED STATES DISTRICT JUDGE